UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA MINOR,<br><br>            Plaintiff,<br><br>      v.<br><br>EDWIN KAINTH, *et al*,<br><br>            Defendants.<br>_____/ | Case No. 1:13-cv-0255 AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. 10) |

Plaintiff Angela Minor ("Plaintiff") filed this action in Merced County Superior Court on February 21, 2013, and Defendants Edwin Kainth, Lala Kasturi, Max's Partnership, Suriander Kumar, Courtyard Marriott Merced ("Defendants") removed this action to federal court pursuant to federal question jurisdiction on February 28, 2013.  On March 22, 2013, Plaintiff filed a timely motion to remand.  The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for May 3, 2013.  For the following reasons, Plaintiff's motion to remand should be **GRANTED.**

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed this discrimination and wage and hour dispute against her former employer on February 21, 2013. Plaintiff's complaint alleges twelve causes of action including sexual harassment under the California Fair Employment and Housing Act ("FEHA"), sex/gender discrimination under FEHA, wrongful termination in violation of public policy based on violations of California law, intentional infliction of emotional distress, failure to take reasonable steps to prevent harassment and discriminations under California Government Code § 12940 et seq., retaliation based on plaintiff's knowledge of and rejection of activity illegal under California state law, negligent hiring and retention, defamation per se, pre-employment fraud, failure to pay wages in violation of California Labor Code §§ 1194, 226.7, and 202, violation of California Business & Professions Code § 17200, and conversion. (Pl's Complaint, Doc. 1, Ex. A). All of Plaintiff's claims are theories of liability under state law.

Plaintiff's claims can be grouped into two categories. First, Plaintiff alleges that she suffered sexual harassment, discrimination, and a retaliatory termination while employed by Marriott Hotels. Specifically, Plaintiff worked as an Assistant General Manager from October 24, 2011 to until she was terminated in January 2012. (Pl's Compl., ¶ 4). Plaintiff alleged that while working she discovered numerous state law violations occurring at the hotel. After reporting these violations, Plaintiff faced several incidents of sexual harassment, discrimination, and retaliation by Defendants. According to Plaintiff, Defendants' harassment aggravated her pre-existing heart condition. As a result, Plaintiff's physician recommended that she take medical leave, but upon request for leave, Plaintiff alleges Defendants terminated her.

Second, Plaintiff alleges that during the course of her employment, Defendants violated several California labor laws. Specifically, Plaintiff alleges that Defendants required her to work through her meal and rest breaks. (*Id.* ¶¶ 141-153).

On February 21, 2013, Defendants removed to this Court on the basis of federal question jurisdiction pursuant to 28 U.S.C. §1331. (Doc. 1). In the Notice of Removal, Defendants assert that this Court has federal question jurisdiction over this matter because Plaintiff's "claims are arising under and directly covered by the Fair Labor Standards Act." (Notice of Removal; Doc. 1 at 1).

1  Plaintiff moves to remand under the well pleaded complaint rule arguing that this case was removed
2  improperly to federal court because her Complaint alleges only state law claims.

### LEGAL STANDARD

In the absence of diversity between the parties, a civil action filed in state court may be removed to federal court only if the claim "arises under" federal law. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) (citing 28 U.S.C. § 1441(b)).[1] To determine whether an action "arises" under federal law, courts apply the "well-pleaded complaint rule," which provides that "a claim arises under federal law 'only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009).

As a corollary to the well-pleaded complaint rule, the "complete preemption doctrine" instructs that Congress "may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Id.* (quoting *Toumajian v. Frailey*, 135 F.3d 648, 653 (9th Cir. 1998)). Under this doctrine, "if a federal cause of action completely preempts a state cause of action[,] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 24 (1983). In *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987), the Supreme Court set forth the general principles for determining whether a complaint states a claim arising under federal law:

> Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Gully v. First National Bank*, 299 U.S. 109, 112-113 (1936). The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Id.* at 392.

---

[1] The parties do not argue that diversity jurisdiction exists.

3

A district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Finally, a court must construe the removal statute strictly and reject jurisdiction if there is any doubt regarding whether removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

**DISCUSSION**

**A.     Motion to Remand**

Defendants argue that Plaintiff's suit arises under federal law even though the complaint does not state a federal claim, because Plaintiff's conversion claim for overtime compensation is a common law claim preempted by the Fair Labor Standards Act. *See Helm v. Alderwoods Group, Inc.*, 696 F. Supp. 2d 1057, 1076 (N.D. Cal. 2009) (Court ruled that under the theory of conflict preemption, the FLSA "preempts common law claims that seek remedies for rights protected by the FLSA (such as minimum wage and overtime pay)"). As the party asserting federal question jurisdiction, Defendants have the burden to establish that the Court has jurisdiction over Plaintiff's claims. *O'Halloran v. University of Washington*, 856 F.2d 1375, 1380 (9th Cir. 1988).

A defendant may not rely on a federal defense to a state law claim as a basis for removal. *Franchise Tax Bd.*, 463 U.S. at 10; *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). Preemption is a defense to a state law claim and, because this defense does not appear in a well-pleaded complaint, the existence of a federal preemption defense ordinarily does not authorize removal. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Defendants impliedly argue that the FLSA completely preempts state laws regulating the payment of overtime premiums. Complete preemption is an exception to the well-pleaded complaint rule. When the doctrine is properly invoked, a complaint alleging only a state law cause of action may be removed to federal court on the theory that federal preemption makes the state law claim "necessarily federal in character." *Id.* at 63-64; *see also Bishop v. Avis Budget Group, Inc.*, 2013 U.S. Dist. LEXIS 68613, *6

(N.D. Cal. May 13, 2013) ("once 'an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.'"). Few statutes completely preempt state law, but examples include the Employee Retirement Income Security Act, 29 U.S.C. § 1101 *et seq.*, and section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 n. 3 (9th Cir. 2007).

Defendants' attempt to persuade this Court that any common law or state law claim alleging damages for overtime compensation is preempted completely by the FLSA is unavailing. It is well settled that the FLSA does not preempt state law claims completely such that any claim seeking unpaid overtime compensation is inherently federal in character. In fact, the Ninth Circuit has soundly rejected Defendants' argument: "We therefore hold that FLSA does not preempt a state-law § 17200 claim that 'borrows' its substantive standard from FLSA." *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 760 (9th Cir. 2010), *vacated on other grounds by* 132 S. Ct. 74 (2011); *see also Roberts v. Trimac Transp. Services (Western), Inc.*, No. C12-05302 HRL, 2013 U.S. Dist. LEXIS 51213, at *2 (N.D. Cal. Apr. 9, 2013).

As the Ninth Circuit pointed out in *Williamson*, the FLSA has a savings clause that permits states to enact laws providing more generous benefits than the FLSA. *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1151 (9th Cir. 2000). Congress did not intend to occupy the field of labor regulation so pervasively that any state law claim seeking overtime compensation is completely preempted. *Barnett v. Wash. Mut. Bank, FA*, 2004 U.S. Dist. LEXIS 18491 (N.D. Cal. Sept. 9, 2004). The Court has not located any cases applying complete preemption to the FLSA, nor does the Court find any indication that Congress intended for the FLSA to preempt all state regulation concerning overtime compensation. Thus, the mere fact that Plaintiff is seeking damages for conversion of overtime pay does not automatically convert her claim to a federal FLSA claim. *See Wang,* 623 F.3d at 760*; see also Hoffman v. First Student, Inc.*, No. AMD 06-CV-1882, 2009 U.S. Dist. LEXIS 53542, at *8 (D. Md. June 23, 2009) ("every Circuit that has considered the issue has reached the same conclusion-state overtime wage law is not preempted by the FLSA").

Further, even if the Court were to find that the FLSA preempted some or all of Plaintiff's claims, this would still be a defense to Plaintiff's state law claims and the Court may not exercise federal question jurisdiction over a removed case based solely on a federal defense to a state law claim. *Franchise Tax Bd*., 463 U.S. at 14 ("a case may not be removed to federal court on the basis of a federal defense").

Although the FLSA is ordinarily the statute used to recover unpaid overtime compensation, Plaintiff has elected to pursue state law claims only. The mere fact that Plaintiff is seeking overtime premiums and damages for conversion of those premiums does not automatically convert her claims into an FLSA claim. The types of legal claims raised by Plaintiff are a matter for her to decide in consultation with her counsel. Since Plaintiff has decided not to file an amended complaint alleging an FLSA claim, it is a reasonable assumption that Plaintiff does not intend to seek relief under the FLSA at this time. Under the well-pleaded complaint rule, Plaintiff has brought her claims exclusively under state law. Accordingly, Plaintiff's Motion to Remand is **GRANTED** and this action is remanded to the Merced County Superior Court for lack of subject matter jurisdiction.[2]

## B. Request for Attorneys' Fees and Costs

Having found that this case should be remanded, the Court now turns to Plaintiff's request for costs and fees. Under 28 U.S.C. § 1447(c), a court remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

---

[2] In the alternative, Plaintiff argues that this case should be remanded to the Merced County Superior Court due to procedural defects in Defendants' notice of removal. Defendants respond that Marriott's absence from removal was permissible. In support of its opposition, Defendants filed several untimely declarations, exhibits, and a request for judicial notice. (*See* Docs. 39-42). While the Court has reviewed Defendants' late filings, given the Court's lack of federal subject matter jurisdiction over Plaintiff's claims, it is therefore unnecessary to reach Plaintiff's alternative argument that the requirement that all defendants consent to removal was not met in her case. (Docs. 10, 21). Defendants' request for judicial notice is DENIED as moot.

In the present case, Defendants' arguments for removal based on FLSA preemption of common law claims, while ultimately unpersuasive, provided the Defendants with an objectively reasonable basis for seeking removal. Accordingly, Plaintiff's request for costs and fees should be DENIED.

## CONCLUSION

For the foregoing reasons, the Court RECOMMENDS that Plaintiff's Motion to Remand should be GRANTED and that this action be REMANDED to the Merced County Superior Court of California for all further proceedings.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 7, 2013**               /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE